Bob C. Burns, Ph.D., President NorthWest Arkansas Community College 212 South Third Street Rogers, AR 72756
Dear Dr. Burns:
This is in response to your request, pursuant to the Arkansas Freedom of Information Act ("FOIA") and specifically A.C.A. § 25-19-105(c)(3) (Supp. 1993), for an opinion regarding your decision with respect to an FOIA request for release of a memorandum of resignation. You have declined to release the document based upon "the sensitive and personal nature of the information being requested" and your concern for the "personal privacy" of the individual. Letter from Bob C. Burns to Winston Bryant (June 9, 1995), quoting from letter to The Morning News. You also state that if released, the memo would be an embarrassment to the individual involved and would subject her to loss of employment.
It is my opinion that this document is not exempt from disclosure under the FOIA. As set forth in Attorney General Opinion 95-162, issued to you on June 5, 1995, the memorandum of resignation must be evaluated under the exception in § 25-19-105(b)(10) (Supp. 1993) pertaining to "personnel records." Such records are exempt only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." Id. An initial determination must be made with respect to the individual's privacy interest, if any. A balancing test is then employed whereby the public's interest in disclosure is weighed against the individual's right to privacy. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992).
Because the individual's privacy interest in this instance is, in my opinion, de minimus, the balancing test will not be employed and the document must be deemed disclosable. See Op. 95-162 at 4, citing Ops. Att'y Gen. 93-131 and 90-335. It is my opinion that the information concerning a salary increase is not of a personal or intimate nature sufficient to give rise to a substantial privacy interest. Records reflecting salary are clearly subject to disclosure under the FOIA. Ops. Att'y Gen. 94-198 and 95-070. With regard to the remainder of the memorandum, I cannot conclude that the information contained therein could reasonably subject the individual to embarrassment or loss of employment. As indicated in Opinion 95-162, this office has previously looked to the case of McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989) for guidance with respect to the personal nature of the information in question. See also Op. Att'y Gen. 90-335. In defining a "personal matter" under a constitutional privacy analysis, the court inMcCambridge applied, inter alia, a reasonableness standard.298 Ark. at 230. The court stated that "[A] `personal matter' ought to be information . . . that to a reasonable person would be harmful or embarrassing if disclosed." Id. (emphasis added). The information in this instance does not, in my opinion, meet this test. The memorandum is vague in its reference to an "exit interview comment." I simply cannot find a significant privacy interest in this information.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh